1

2

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

3

4

5

6

7

8

| KEVIN KENNEDY, | Case No. 2:21-cv-01358-RFB-DJA |
| Plaintiff, | **ORDER** |
| v. | |
| SHELLY WILLIAMS, *et al.*, | |
| Defendants. | |

9

10

11

12

Pro se Plaintiff Kevin Kennedy brought this civil rights case under 42 U.S.C. § 1983. (ECF No. 1-1.) On March 8, 2022, the Court screened Plaintiff's complaint under 28 U.S.C. § 1915A, and Plaintiff appealed the Court's screening order. (ECF Nos. 24, 28.) Plaintiff's appeal remains pending, but the Court now addresses some of Plaintiff's pending motions.

13

**I.     PLAINTIFF'S MOTIONS**

14

**A.     ECF No. 10**

15

16

17

18

19

20

21

22

In October 2021, the Court issued a minute order requiring that the Defendants file a notice of appearance and respond to Plaintiff's motion for a preliminary injunction. (ECF No. 9.) Plaintiff filed an "objection" stating that the Defendants had already had time to respond and that they should not receive additional time. (ECF No. 10.) The Court construes this as a motion for reconsideration. Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Sch. Dist. No. 1J v. Acands, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

23

24

25

26

27

28

Cases brought by inmates under 42 U.S.C. § 1983 are not served on the Defendants until after a court screens the complaint. As such, the Defendants had not received notice of this case until the Court ordered the Defendants to make an appearance in its minute order. The Defendants did not have an opportunity to respond to Plaintiff's motion for a preliminary injunction until after the Court issued its minute order requiring the Defendants to appear and respond. Accordingly, the Court denies Plaintiff's motion for reconsideration.

**B.      ECF No. 14**

In November 2021, Plaintiff filed a motion requesting that the Court grant all his pending motions. (ECF No. 14.) The only motion that remains pending from prior to Plaintiff filing this motion is his motion objecting to the Court's minute order (ECF No. 10.) As the Court addressed that motion *supra*, Section I(A), the Court denies Plaintiff's motion to grant his pending motions as moot.

**C.      ECF No. 18**

Plaintiff filed a motion titled "Motion for a Court Order Directing Settlement or Resolution." (ECF No. 18.) In this motion, Plaintiff again asks the Court to grant his outstanding motions and/or order a settlement conference. As discussed *supra*, Section I(A), the Court addressed Plaintiff's previously outstanding motion. The Court also subsequently ordered a mediation conference during which the parties failed to reach a settlement. (ECF Nos. 29, 41.) The Court denies Plaintiff's request that his outstanding motions be granted and/or that the Court order a settlement conference as moot.

**D.      ECF No. 19**

Plaintiff filed a motion for entry of default judgment. (ECF No. 19.) As discussed *supra*, Section I(A), the Defendants in this case have not yet been officially served. As such, the Defendants are not in default, and the Court denies Plaintiff's motion for default judgment without prejudice.

**E.      ECF No. 21**

Plaintiff has filed a motion for appointment of counsel. (ECF No. 21.) A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues

1    involved." <u>Id.</u> "Neither of these considerations is dispositive and instead must be viewed together."

2    <u>Id.</u> In this case, at this early stage of the litigation, the Court does not find exceptional

3    circumstances that warrant the appointment of counsel. The Court denies the motion for

4    appointment of counsel without prejudice.

5         **F.      ECF No. 23**

6         Plaintiff filed a motion requesting a copy of the complaint and inquiring as to the status of

7    the case. (ECF No. 23.) The Court subsequently issued its screening order in which it ordered that

8    the Clerk of the Court send Plaintiff a courtesy copy of the complaint. (ECF No. 24.) Accordingly,

9    Plaintiff's motion inquiring as to the status of the case and requesting a copy of the complaint

10   (ECF No. 23) is denied as moot.

11   **II.    CONCLUSION**

12        For the foregoing reasons, it is ordered that Plaintiff's Motion for Reconsideration (ECF

13   No. 10) is DENIED.

14        Plaintiff's Motions to Grant his outstanding motions (ECF No. 14), for an order directing

15   settlement or resolution (ECF No. 18), and inquiring as to the status of the case and requesting a

16   copy of his complaint (ECF No. 23) are DENIED as moot.

17        Plaintiff's Motions for Entry of Default Judgment (ECF No. 19) and appointment of

18   counsel (ECF No. 21) are DENIED without prejudice.

19

20        DATED: September 22, 2022.

21

22                                            _____
                                              **RICHARD F. BOULWARE II**
23                                            UNITED STATES DISTRICT JUDGE

24

25

26

27

28