UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KEVIN KENNEDY, | Case No. 2:21-cv-01358-RFB-DJA |
| Plaintiff, | ORDER |
| v. | |
| SHELLY WILLIAMS, *et al.*, | |
| Defendants. | |

Pro se Plaintiff Kevin Kennedy brought this civil rights case under 42 U.S.C. § 1983. (ECF No. 1-1.) On March 8, 2022, the Court screened Plaintiff's complaint under 28 U.S.C. § 1915A, and Plaintiff appealed the Court's screening order. (ECF Nos. 24, 28.) Plaintiff's appeal remains pending. Shortly after filing his appeal, Plaintiff filed a first amended complaint. (ECF No. 30.) The Court has not yet screened Plaintiff's first amended complaint. Plaintiff has also filed several motions. (ECF Nos. 33, 34, 38, 43, 50, 53.) The Court will consider Plaintiff's motions in turn.

I.    **PLAINTIFF'S MOTIONS**

A.    **ECF No. 33**

Plaintiff filed a motion requesting a stay or an injunction pending the outcome of his appeal of the Court's screening order.[1] (ECF No. 33.) In his motion, Plaintiff reiterates many of allegations in the complaint and states that the Court erred by dismissing some of his claims, and denying his motion for a preliminary injunction, in its screening order. (Id. at 1-12.) Plaintiff goes on to state, "[t]his motion is intended to stay the District Court's Screening Order and dismissal of claims and injunction regarding the unlawful suspension of Habeas Corpus petition." (Id. at 14.)

Plaintiff has appealed the Court's Screening Order, and that appeal is currently pending. (ECF No. 28.) Plaintiff has also filed a first amended complaint. (ECF No. 30.) Plaintiff's request to have this case stayed pending the outcome of his appeal is granted.

---

[1] Plaintiff has also filed a separate motion for an injunction. (ECF No. 38.)

1

For Plaintiff's benefit, the Court will briefly explain the next steps in this case. After Plaintiff's appeal is resolved, the Court will screen Plaintiff's first amended complaint under 28 U.S.C. § 1915A. If the first amended complaint includes at least one colorable claim, the Court will assess Plaintiff's application to proceed *in forma pauperis*, and request that the Attorney General's Office indicate whether it accepts service of this case. If the Attorney General's Office accepts service, it will then file an answer to the first amended complaint, and this case will proceed on a normal litigation track.

### B.  ECF No. 34

Plaintiff filed a motion titled "Notice and Motion to a Sworn Affidavit and Complaint to Attorney General's Office." (ECF No. 34.) In the motion, Plaintiff alleges that he was forcibly extracted from his cell after a guard threatened him. (Id. at 2.) Plaintiff included documentation that appears to show that he notified the Attorney General's office about the cell extraction. (Id. at 3-4.) Plaintiff does not request any relief from the Court. Because Plaintiff does not request any relief, the Court denies the motion.

### C.  ECF No. 38

Plaintiff filed a motion requesting an "expedited preliminary injunction." (ECF No. 38.) In his motion, Plaintiff includes numerous allegations about his various legal proceedings in state and federal court. (Id. at 1-16.) Plaintiff alleges that he was wrongfully convicted and that he has been improperly blocked him from pursing habeas relief. (Id.) Plaintiff also alleges that guards have retaliated against him in various ways, including the forceable cell extraction that he referenced in ECF No. 34. (Id. at 14-15.)

Plaintiff's motion includes a section titled "Relief and Remedy Sought." (Id. at 27.) Plaintiff asks the Court to order his immediate release from prison. (Id.) Plaintiff also asks the Court to overturn his unlawful conviction. (Id.) The Supreme Court has held that a prisoner in state custody cannot use a § 1983 action to challenge "the fact or duration of his confinement," but instead must seek federal habeas corpus relief or the appropriate state relief. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005); see Nettles v. Grounds, 830 F.3d 922, 927(9th Cir. 2016) (reiterating that the Supreme Court has "long held that

habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action"). Thus, Plaintiff cannot seek to have his sentence overturned in this § 1983 action. Accordingly, the Court denies Plaintiff's requests to be released from prison and to have his conviction overturned. If Plaintiff seeks to have his sentence or conviction overturned, he must do so in a habeas corpus petition, not a § 1983 case.

Plaintiff also vaguely requests that the Court order "all deprivations to cease and allow Kennedy to be heard and evidentiary hearing to be held." (Id.) It is not clear what Plaintiff is requesting regarding "deprivations," and the Court denies this request without prejudice. The Court also denies Plaintiff's request for an evidentiary hearing. Pursuant to Plaintiff's request, the Court will stay this case pending the outcome of Plaintiff's appeal. The Court will then screen Plaintiff's first amended complaint.

### D.   ECF No. 43

Plaintiff filed a motion to supplement his complaint and injunction. (ECF No. 43.) The motion includes several additional allegations of NDOC officials threatening or retaliating against Plaintiff. (Id. at 1-5.) The Court has denied Plaintiff's motion for injunctive relief because his requests for relief are either not available in this § 1983 action or too vague for the Court to understand. Nothing in Plaintiff's motion to supplement affects the Court's analysis.

As for supplementing the complaint, it is not clear whether Plaintiff is attempting to bring additional claims, or simply provide some further background information. As the Court explained in its screening order, Plaintiff may not bring new claims based on events that have taken place since the complaint was filed in an amended complaint. To the extent that Plaintiff wishes to bring new claims based on new events, he must initiate a new case. To the extent that Plaintiff is attempting to add additional background, it appears that the allegations in the supplement are not relevant to Plaintiff's claims. When screening the first amended complaint, the Court will consider only the allegations in the complaint itself, not any allegations in any other filings. If Plaintiff wishes, he may file a

second amended complaint including any other factual allegations. But he may not include additional claims based on recent events. The Court denies Plaintiff's motion to supplement his motion for an injunction and his complaint.

### E. ECF No. 50

Plaintiff has filed a motion requesting a copy of the docket sheet in this case. (ECF No. 50.) The Court grants Plaintiff's motion.

### F. ECF No. 53.

Plaintiff has filed a motion for appointment of counsel. (ECF No. 53.) A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Id. "Neither of these considerations is dispositive and instead must be viewed together." Id. In this case, the Court does not find exceptional circumstances that warrant the appointment of counsel. The Court denies the motion for appointment of counsel without prejudice.

## II. CONCLUSION

For the foregoing reasons, it is ordered that Plaintiff's motion to stay this case pending the resolution of his appeal (ECF No. 33) is granted. During the stay and until the Court lifts the stay, no other pleadings or papers may be filed in this case, and the parties will not engage in any discovery, nor are the parties required to respond to any paper filed in violation of the stay unless specifically ordered by the Court to do so.

It is further ordered that Plaintiff's motion of a sworn affidavit (ECF No. 34) is denied.

It is further ordered that Plaintiff's motion for a preliminary injunction (ECF No. 38) is denied without prejudice.

It is further ordered that Plaintiff's motion to supplement his complaint and motion for a preliminary injunction (ECF No. 43) is denied.

It is further ordered that Plaintiff's motion for a copy of the docket sheet (ECF No. 50) is granted. The Clerk of the Court will send Plaintiff a courtesy copy of the docket sheet.

It is further ordered that Plaintiff's motion for appointment of counsel (ECF No. 53) is denied without prejudice.

DATED THIS 24th day of March, 2023.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**