UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| Kevin Kennedy, | Case No. 2:21-cv-01358-RFB-DJA |
| Plaintiff, | |
| v. | **Order** |
| Shelly Williams, et al., | |
| Defendants. | |

Before the Court are Plaintiff's motions asking the Court to issues summonses and attempt service on "John Doe" and "Mrs. B." (ECF Nos. 68, 69). Plaintiff filed his motions after the Attorney General's Office indicated that it was "unable to identify 'John Doe 1' and 'Caseworker B' and therefore does not accept service on behalf of these individuals." (ECF No. 66). In his motions, Plaintiff speculates that John Doe 1 might be Calvin Johnson or Brian Williams and that Caseworker B might actually be someone who inmates refer to as "Ms. V" or "Caseworker V," whose full last name is Villatora. (ECF No. 68 at 2-3); (ECF No. 69 at 1). Plaintiff asks the Court to "re-serve" these defendants.[1] However, because Plaintiff has not amended the complaint to assert the identity of these defendants, the Court cannot issue the summonses Plaintiff requests. So, the Court denies Plaintiff's motions. Plaintiff must follow the steps outlined below if he wishes to identify and serve John Doe 1 and "Caseworker B."

---

[1] In his second motion, Plaintiff asks the Court to re-serve defendants in the caption and beginning, but then goes on to outline ongoing violations of his civil rights by prison officials. (ECF No. 69 at 1-4). Plaintiff then requests that the court "grant all these relevant motions pending," protect him from further abuse, review certain video footage, and determine if his mail was sent. (*Id.* at 5) (emphasis in original). However, Plaintiff provides no points or authorities explaining his request for the additional relief he seeks. He has not moved for an injunction, a protective order, or to compel discovery. And the Court cannot conduct any investigative work or discovery on Plaintiff's behalf. As a result, the Court cannot grant Plaintiff's additional requests.

In order to properly effectuate service of a summons—thereby bringing a defendant under a court's jurisdiction—and provide a defendant with notice of a pending action, a plaintiff must ascertain a doe defendant's true name, usually through early discovery propounded to the named defendant(s). *Schultz v. Superior Ct. of Los Angeles*, No. CV-23-10715-JAK-DTB, 2024 WL 661175, at *2 (C.D. Cal. Jan. 25, 2024). Once a doe defendant has been identified, a plaintiff should amend the complaint to substitute the real name of the doe defendant. *Id.* (citing *e.g.*, *Merritt v. Cty of Los Angeles*, 875 F.2d 765, 767-68 (9th Cir. 1989) *and* Rutter Group, Federal Civil Procedure Before Trial, "Substitutions of Parties" § 7.377 ("[t]he complaint may be amended to substitute the name of the real defendant when discovered, as long as there is no unreasonable delay.")). Once the pleadings have been amended to reflect the actual name of the doe defendants, service can then be effectuated on the newly identified defendants. *See Rose v. Yuba Cnty*, No. 22-cv-00338, 2022 WL 1215265, at *3 (E.D. Cal. Apr. 25, 2022) ("[D]ue to the impossibility of serving unknown individuals, the court will not order service on the Doe defendants until plaintiff has identified and filed a motion to substitute named defendants for the Doe defendants.")

**IT IS THEREFORE ORDERED** that Plaintiff's motions (ECF Nos. 68, 69) are **denied.**

DATED: April 11, 2024

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE