**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| KEVIN KENNEDY, | Case No. 2:21-cv-01358-RFB-DJA |
| Plaintiff, | **ORDER** |
| v. | |
| SHELLY WILLIAMS, *et al.*, | |
| Defendants. | |

### I.   INTRODUCTION

Pending before the Court is Plaintiff's Motion to Reconsider the Court's Screening Order. ECF No. 70.

### II.   LEGAL STANDARD

A district court may grant a motion for reconsideration only where: (1) it is presented with newly discovered evidence; (2) it has committed clear error or the initial decision was manifestly unjust; or (3) there has been an intervening change in controlling law. Nunes v. Ashcroft, 375 F.3d 805, 807 (9th Cir. 2004); Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000); Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). "A party seeking reconsideration ... must state with particularity the points of law or fact that the court has overlooked or misunderstood. Changes in legal or factual circumstances that may entitle the movant to relief also must be stated with particularity." L.R. 59-1.

### III.   DISCUSSION

It appears that Plaintiff only seeks reconsideration of the Court's denial of his Motion for a Preliminary Injunction. ECF Nos. 54, 64. Plaintiff does not identify any other aspect of rule or

fact within the screening order that he seeks the Court to reconsider. Plaintiff also cites to events that have occurred since the Court's screening order. However, as the Court mentioned in the screening order, "an amended complaint does not include new claims based on events that have taken place since the original complaint was filed," and Plaintiff "may not amend the complaint to add unrelated claims against other defendants." ECF No. 64. If Mr. Kennedy believes these recent violations entitle him to relief, they must be brought in a separate lawsuit. Additionally, the Court declines to consolidate the instant action with a case that closed four years ago, Case No. 3:17-cv-00468. The Court thus limits its reconsideration to the denial of preliminary injunctive relief.

In the Ninth Circuit, in order to prevail on a claim for preliminary injunctive relief, such as the relief requested above, there must be a "sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself" such that "the preliminary injunction would grant relief of the same character as that which may be granted finally." Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 636 (9th Cir. 2015). In the absence of this, the district court lacks authority to grant the relief requested. Id. Here, Plaintiff broadly requests that "all stolen State and Federal case records" be provided to him. ECF No. 70 at 8. The Court has no information as to what these documents are and how obtaining them will relate to any of Plaintiff's remaining claims in this action. The Court thus finds no nexus between Plaintiff's claims raised in this motion and his claims in the underlying complaint. To the extent that Plaintiff requires these documents in the present suit, from Defendants or otherwise, Plaintiff can obtain them during discovery. See Federal Rules of Civil Procedure 26(b). The Court finds no clear error in the Screening Order's denial of Plaintiff's motion for preliminary injunctive relief.

In his motion, Plaintiff also requests that the Court effect summons upon Defendants John Doe 1 and Caseworker B./V. However, as the Court has explained, Plaintiff must first amend the complaint, naming these defendants, before the Court may issue summons. ECF No. 72. Plaintiff is advised to refer to the Court's prior order for instructions on how to identify and serve.

IV. **CONCLUSION**

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration (ECF No. 70) is DENIED.

**DATED:** October 21, 2024.

 **RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**