UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Kevin Kennedy,<br><br>                    Plaintiff,<br><br>       v.<br><br>Shelly Williams, et al.,<br><br>                    Defendants. | Case No. 2:21-cv-01358-RFB-DJA<br><br>**Order** |

Before the Court is Plaintiff's response to the Court's order to show cause (ECF No. 106), affidavit "Inquiring into the Filing of Response to Court's 105 Order to Show Cause" (ECF No. 107), and "Emergency Motion for Judicial Assistance" (ECF No. 108). Because the Court finds that Plaintiff has answered the Court's questions in its order to show cause, it deems the order to show cause satisfied and extends the deadline for Plaintiff to file his amended complaint. Because the Court finds that Plaintiff seeks relief in his affidavit, but did not properly file it as a motion, the Court strikes Plaintiff's affidavit. Because the Court finds that Plaintiff has not shown a legal basis for the relief he seeks in his emergency motion, the Court denies it.

**I.      Background.**

Plaintiff is proceeding on one remaining cause of action for denial of access to the Courts against Defendant John Doe #1. (ECF No. 90) (minutes of proceedings). This claim arises out of Plaintiff's allegation that, in February of 2021, someone in the prison law library failed to properly process Plaintiff's mail containing his habeas corpus petition, causing Plaintiff to miss the March 9, 2021, filing deadline. (ECF No. 64) (screening order). In dismissing Plaintiff's other claims, the Court originally gave Plaintiff until March 24, 2025, to amend his complaint naming John Doe #1. (ECF No. 90). The Court explained that "[f]ailure to do so may lead to dismissal of the case." (*Id.*).

On March 24, 2025, the Court noted that Plaintiff was having difficulty determining John Doe #1's identity. (ECF No. 96). The Court therefore extended the deadline by which Plaintiff needed to file his amended complaint to May 23, 2025. The Court also granted Plaintiff's request for a subpoena that he could use to identify the Doe defendant.

Plaintiff filed a document titled "second amended complaint" the next day. (ECF No. 97). But that document, along with Plaintiff's memorandum (ECF No. 98) and affidavit (ECF No. 99) in support of that document, outline the current difficulties Plaintiff is having with the prison mailroom, not his 2021 difficulties. Plaintiff specifically asserted that he provided the prison mailroom with his second amended complaint on March 20, 2025, but did not receive an e-filing receipt for the document. (ECF No. 98 at 2).

Given these issues, and the fact that Plaintiff did not file an amended complaint by May 23, 2025, the Court ordered Plaintiff to show cause why the Court should not recommend dismissal of his case for his failure to file a timely amended complaint. (ECF No. 105). The Court required Plaintiff to do the following: (1) show cause why the Court should not recommend dismissal of this case for Plaintiff's failure to file an amended complaint on or before May 25, 2025; (2) explain what issues Plaintiff has faced in filing his amended complaint in this case only; and (3) explain whether he needs additional time to file his amended complaint.

Plaintiff filed a timely response. (ECF No. 106).[1] In it, he asserts that his amended complaint has been filed for many months at ECF No. 95, but that due to issues he experienced with the law library, his complaint was filed in four parts. Plaintiff also asserts that he has not received a response to his subpoena or a response to his request for transcripts.

About three weeks later, Plaintiff filed an affidavit "Inquiring into the Filing of Response to Court's 105 Order to Show Cause." (ECF No. 107). In it, Plaintiff asks about the status of his response to the order to show cause. Plaintiff asks the Court to inform him whether it received

---

[1] Plaintiff's response is five pages long. But Plaintiff attaches eighty-seven pages of exhibits, many of which consist of filings Plaintiff made in other cases. In deciding Plaintiff's response, the Court considers only the arguments and assertions Plaintiff makes in his response, not the attached exhibits or allegations and arguments made in Plaintiff's other cases.

1  his filing, to review the filings he has already made, and to explain why Plaintiff has not received
2  responses to his subpoena and transcript request.

3        Plaintiff then filed an emergency motion "for Judicial Assistance." (ECF No. 108).[2]
4  Plaintiff asks the Court to take judicial notice of the fact that he filed other documents into other
5  cases. Plaintiff also outlines the delays and difficulties he asserts he has experienced in this case
6  and others. Plaintiff presents certain "questions of law" he requests that the Court answer, asking
7  about what his rights are, how to pursue his civil rights claims, which court to seek redress from,
8  and what he should do in this case and his others. Plaintiff finally asks the Court to decide his
9  pending motions, to provide him with a "quick remedy," and to order that the transcripts he
10 requested and subpoena responses he sought be provided.

11 **II.   Discussion.**

12     ***A.   Response to order to show cause.***

13       The Court deems its order to show cause satisfied given Plaintiff's response. Plaintiff has
14 shown that he attempted to meet the Court's amended complaint deadline, but was unsuccessful
15 given issues he encountered with filing. Plaintiff also explains, albeit not always clearly, what
16 difficulties he has had filing his amended complaint. Finally, although Plaintiff does not
17 explicitly request additional time to amend his complaint, he points out that he has not received
18 the transcript or subpoena responses that would allow him to do so. So, the Court liberally
19 construes Plaintiff's response as requesting additional time.

20       Given Plaintiff's explanation, the Court finds its order to show cause satisfied. The Court
21 will further give Plaintiff an additional twenty-one days to again move for a subpoena. In any
22 motion for a subpoena, Plaintiff must explain how he attempted to serve his prior subpoena and
23 why he believes that service was unsuccessful. The Court directs Plaintiff to Federal Rule of

---

[2] Plaintiff's emergency motion is eleven pages long. He attaches eighty-one pages of exhibits, including court orders in this case and filings in other cases. In deciding Plaintiff's motion, the Court only considers the arguments in Plaintiff's motion, not the attached exhibits or allegations and arguments made in Plaintiff's other cases.

Civil Procedure 45(b) regarding service of a subpoena.³ The Court will further send Plaintiff another copy of the transcript order form so that he may again attempt to obtain the transcripts he seeks. Plaintiff must fill out the form and mail it to Patricia Ganci, 333 Las Vegas Blvd South, Las Vegas, NV 89101.

The Court will give Plaintiff an additional sixty days to file his amended complaint identifying John Doe #1. The Court will not consider Plaintiff's filing at ECF No. 95 and other filings as his amended complaint because a complaint must be complete in itself. The Court will not piece his complaint together from multiple filings. The Court further informs Plaintiff that Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a ***short and plain*** statement of the claim showing that the pleader is entitled to relief." (emphasis added). Plaintiff must avoid rambling allegations that have nothing to do with his one remaining claim.

---

³ This rule provides the following:

> (b) Service.
>
> (1) *By Whom and How; Tendering Fees.* Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law. Fees and mileage need not be tendered when the subpoena issues on behalf of the United States or any of its officers or agencies.
>
> (2) *Service in the United States.* A subpoena may be served at any place within the United States.
>
> (3) *Service in a Foreign Country.* 28 U.S.C. §1783 governs issuing and serving a subpoena directed to a United States national or resident who is in a foreign country.
>
> (4) *Proof of Service.* Proving service, when necessary, requires filing with the issuing court a statement showing the date and manner of service and the names of the persons served. The statement must be certified by the server.

**B.** *Affidavit.*

The Court finds that Plaintiff's affidavit is an improper form of case related correspondence. *See* Local Rule IA 7-1.[4] So, the Court strikes it. *See* LR IA 7-1(b).

**C.** *Emergency motion.*

The Court denies Plaintiff's emergency motion. As a preliminary matter, Plaintiff's motion is not an emergency and Plaintiff has not complied with the Local Rule governing emergency motions. *See* LR 7-4(c). Using its discretion, the Court declines to take judicial notice of the items Plaintiff asks it to. *See M/V American Queen v. San Diego Marine Const. Corp.*, 708 F.2d 1483, 1491 (1983) (analyzing a district court's decision to take judicial notice using an abuse of discretion standard). The Court also declines to answer Plaintiff's "questions of law," which improperly seek legal advice from the Court. *See Jacobson v. Filler*, 790 F.2d 1362, 1365-66 (9th Cir. 1986) (explaining that providing legal advice to a pro se litigant "would entail the district court's becoming a player in the adversary process rather than remaining its referee").

---

[4] This rule provides the following:

**LR IA 7-1. CASE-RELATED CORRESPONDENCE**

(a) An attorney or pro se party may send a letter to the court at the expiration of 90 days after any matter has been, or should have been, fully briefed if the court has not entered its written ruling. If this letter was sent and a written ruling still has not been entered 120 days after the matter was or should have been fully briefed, an attorney or pro se party may send a letter to the Chief Judge, who must inquire of the judge about the status of the matter. Copies of all such letters must be served on all other attorneys and pro se parties.

(b) Except as provided in subsection (a), an attorney or pro se party must not send case-related correspondence, such as letters, emails, or facsimiles, to the court. All communications with the court must be styled as a motion, stipulation, or notice, and must be filed in the court's docket and served on all other attorneys and pro se parties. The court may strike any case-related correspondence filed in the court's docket that is not styled as a motion, stipulation, or notice.

Plaintiff's motion is moot to the extent it asks the Court to provide him a "quick remedy" (the Court has already prioritized Plaintiff's motion above others) and to order responses to his transcript request and subpoena (the Court has addressed these above). So, the Court denies Plaintiff's emergency motion.

**IT IS THEREFORE ORDERED** that the Court deems its order to show cause (ECF No. 105) **satisfied.**

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to **strike** Plaintiff's affidavit (ECF No. 107).

**IT IS FURTHER ORDERED** that Plaintiff's emergency motion (ECF No. 108) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff shall have until **December 2, 2025,** to file a renewed motion for a subpoena to the extent he requires one. In any motion for a subpoena, Plaintiff must explain how he attempted to serve his prior subpoena and why he believes that service was unsuccessful.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **January 19, 2026,** to file a **short and plain** amended complaint that is **complete in itself** identifying John Doe #1. **If Plaintiff fails to file an amended complaint by January 19, 2026, the Court will recommend dismissal of this case.**

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send Plaintiff a copy of this order and a copy of the transcript order form.[5]

DATED: November 18, 2025

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[5] A copy of this form and its instructions can be found online at https://www.nvd.uscourts.gov/case-information/ordering-transcripts/. If Plaintiff attempts to request his transcripts again, he must fill out the form and mail it to Patricia Ganci, 333 Las Vegas Blvd South, Las Vegas, NV 89101.